JACK COTHREN v. THE STATE.

No. 21134. Delivered June 12, 1940.
Rehearing Granted October 23, 1940.

The opinion states the case.

*J. Mitch Johnson,* of San Saba, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of a violation of the local option liquor laws, and fined the sum of $200.00.

It was pleaded and proven that appellant had heretofore been convicted in the county court of said county of a similar offense, and on account of such previous conviction he seems to have been given double the lowest penalty.

The herein appealed cause bears the county court number of 1786, and it appears that the previous conviction of a similar offense relied upon in order to enhance the punishment bore the San Saba County Court number of 1744.

The introduction of the previous conviction was objected to as shown by bill of exceptions because this same cause No. 1744 had theretofore been used in cause No. 1786, which is the county court number borne by this case. We also find a further objection to the introduction of such conviction in this cause because, as said in the objection, said No. 1744 had theretofore used in enhancing the penalty in county court cause No. 1779. There is no proof, however, of its use in cause No. 1779, and the use of cause No. 1774 in this instant cause impresses us as being free from error in not being shown to have been theretofore used in any case for the enhancement of punishment purposes.

The condition that we find this record in is rather confusing, but we gather therefrom that county court cause No. 1774 was properly used for the enhancement of punishment purposes in this instant cause, it being county court No. 1786, and this judgment is affirmed.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

In copying the foregoing opinion there has appeared a typographical error whereby the number 1774 has at two places been substituted for number 1744. This has given rise to a vigorous motion for rehearing in this court. Similar errors in the motion make it appear that the former conviction discussed

in the opinion had been previously utilized in enhancing the penalty in number "1786." That is this very case on appeal. However, from an examination of the record, even in the face of the confusion resulting from appellant's bill of exception, and the still more confusing brief on the subject, it appears that the former conviction in Cause No. 1744 had been previously utilized in another prosecution for a similar offense under Cause No. 1779, as well as in other cases. See Cothern v. State, (139 Texas Crim. Rep. 339), 140 S. W. (2d) 860. The doctrine announced in that case is applicable here and is adhered to.

The motion for rehearing is granted, and the judgment of the trial court is reversed.